FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 1 9 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br><br>    Plaintiff,<br><br>v.<br><br>KRUGER PRODUCTS LP AND KTG USA LP,<br><br>    Defendants. | 1:10-CV-1151<br>CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED<br><br>**TWT** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific") alleges as follows:

**INTRODUCTION**

1. This is an action brought by Georgia-Pacific against Kruger Products LP and KTG USA LP (together "Kruger") for their infringement of Georgia-Pacific's patents. In particular, Georgia-Pacific seeks remedies for Kruger's infringement of Georgia-Pacific's U.S. Patent Nos. 6,871,815 (the "'815 Patent");

7,017,856 (the "'856 Patent"); and 7,387,274 (the "'274 Patent") (together the "Asserted Patents").

## PARTIES

2. Plaintiff Georgia-Pacific Consumer Products LP is a limited partnership formed pursuant to the laws of Delaware and has its principal place of business at 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

3. On information and belief, Defendant Kruger Products LP is a limited partnership formed pursuant to the laws of Canada and has its principal place of business at 1900 Minnesota Court, Suite 200, Mississauga (Ontario) Canada, L5N 5R5.

4. On information and belief, Defendant KTG USA LP is a limited partnership formed pursuant to the laws of Delaware and has its principal place of business at 400 Mahannah Avenue, Memphis, Tennessee 38107.

## JURISDICTION AND VENUE

5. This is an action arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Kruger has transacted business in this district.

On information and belief, Kruger has also directly infringed, or contributed to or induced acts of infringement, in this district.

7. On information and belief, Defendant Kruger Products Limited is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Georgia Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Georgia and in this Judicial District. Kruger Products Limited manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in this district. Kruger Products Limited directly and/or through its distribution network, places products within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products will be sold in the State of Georgia. Therefore, the exercise of jurisdiction over Kruger Products Limited would not offend traditional notions of fair play and substantial justice.

8. On information and belief, Defendant KTG USA LP is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or

3

the Georgia Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Georgia and in this Judicial District. KTG USA LP manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in this district. KTG USA LP directly and/or through its distribution network, places products within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products will be sold in the State of Georgia. Therefore, the exercise of jurisdiction over KTG USA LP would not offend traditional notions of fair play and substantial justice.

## GENERAL ALLEGATIONS

9. Georgia-Pacific owns by assignment the entire right, title, and interest in and to the Asserted Patents.

10. On information and belief, Kruger has infringed and continues to infringe each of the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not necessarily limited to one or more of making, using, selling and offering to sell, in this District and elsewhere in the

United States, and/or importing into this District and elsewhere in the United States, certain products, including, but not limited to Kruger's Titan$^2$ Touchless Electronic Roll Towel Dispenser (the "Titan$^2$ Dispenser").

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,871,815

11. Georgia-Pacific incorporates by reference the allegations set forth in paragraphs 1-10 as though fully set forth herein.

12. The '815 Patent, entitled "Static Build Up Control in Electronic Dispensing Systems" duly and lawfully issued on March 29, 2005 to inventors John Moody and Joshua Broehl. Georgia-Pacific is the current owner of all rights, title, and interest in the '815 Patent. A copy of the '815 Patent is attached to this Complaint as Exhibit A.

13. On information and belief, Kruger has been and is now directly infringing, and indirectly infringing by way of inducement and/or contributory infringement, the '815 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, electronic paper towel dispensers, such as the Titan$^2$ Dispenser, that are covered by the '815 Patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,017,856

14. Georgia-Pacific incorporates by reference the allegations set forth in paragraphs 1-13 as though fully set forth herein.

15. The '856 Patent, entitled "Static Build Up Control in Electronic Dispensing Systems" duly and lawfully issued on March 28, 2006 to inventors John Moody and Joshua Broehl. Georgia-Pacific is the current owner of all rights, title, and interest in the '856 Patent. A copy of the '856 Patent is attached to this Complaint as Exhibit B.

16. On information and belief, Kruger has been and is now directly infringing, and indirectly infringing by way of inducement and/or contributory infringement, the '856 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, electronic paper towel dispensers, such as the Titan[2] Dispenser, that are covered by the '856 Patent.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,387,274

17. Georgia-Pacific incorporates by reference the allegations set forth in paragraphs 1-16 as though fully set forth herein.

18. The '274 Patent, entitled "Static Build Up Control in Electronic Dispensing Systems" duly and lawfully issued on June 17, 2008 to inventors John Moody and Joshua Broehl. Georgia-Pacific is the current owner of all rights, title, and interest in the '274 Patent. A copy of the '274 Patent is attached to this Complaint as Exhibit C.

19. On information and belief, Kruger has been and is now directly infringing, and indirectly infringing by way of inducement and/or contributory infringement, the '274 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, electronic paper towel dispensers, such as the Titan$^2$ Dispenser, that are covered by the '274 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Georgia-Pacific prays for judgment and seeks relief against Kruger as follows:

(a) For judgment that the Asserted Patents have been and continue to be directly and/or indirectly infringed by Kruger;

(b) For actual damages;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For an award for enhanced damages resulting from the knowing, deliberate, and willful nature of Kruger's prohibited conduct as provided under 35 U.S.C. § 284.

(e) For a permanent injunction enjoining Kruger, their officers, agents, servants, employees and all other persons acting in concert or participation with them from further infringement, contributory infringement, and inducement of infringement of the Asserted Patents.

(f) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(h) For all costs of suit; and

(g) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Georgia-Pacific demands a trial by jury of this action.

Respectfully submitted this 19th day of April, 2010,

_____
ALSTON & BIRD LLP
Frank G. Smith (Ga. Bar No. 657550)
Keith E. Broyles (Ga. Bar No. 090152)
Kristen L. Melton (Ga. Bar No. 536061)
Matthew W. Howell (Ga. Bar No. 607080)
Pamela M. Holland (Ga. Bar No. 740490)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel.: (404) 881-7000
Fax: (404) 881-7777

*Attorneys for Plaintiff Georgia-Pacific Consumer Products LP*